BETTS et al. v. GAHAGAN et al.

(Circuit Court of Appeals, Fourth Circuit. June 12, 1913.)

No. 1,193.

1. APPEAL AND ERROR (§ 402*)—CITATION—WRIT OF ERROR—RETURN—TIME.

Since the citation and writ of error in a federal court are dependent on each other, it is the better practice to issue them at the same time; both being required by Court of Appeals Rule 14, subd. 5 (193 Fed. x, 112 C. C. A. x), to be made returnable not exceeding 40 days from the signing of the citation, and hence, where the clerk issued a writ of error leaving the return day blank, it was improper, and, plaintiffs in error not having complied with the rule requiring the cause to be docketed on or before a definite return day, defendants in error were entitled to have the cause docketed and dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2114; Dec. Dig. § 402.*]

2. APPEAL AND ERROR (§ 807*)—FAILURE TO DOCKET BY SPECIFIED RETURN DAY—DISMISSAL OF APPEAL—FILING TRANSCRIPT.

Court of Appeals Rule 14, subd. 5 (193 Fed. x, 112 C. C. A. x), requires return of a writ of error not exceeding 40 days from the signing of the citation, and rule 16 (193 Fed. xi, 112 C. C. A. xi) declares that in no case shall plaintiff in error or defendant be entitled to docket the case and file the transcript of the record after the same shall have been docketed and dismissed under the rule unless by order of court. *Held,* that where the return day in a writ of error was erroneously left blank by the

clerk, and the writ was dismissed for failure of plaintiffs in error to comply with the rule that the case be docketed before a definite return day, and counsel for plaintiffs in error filed affidavits that they misapprehended the law in supposing that the return day might properly be left blank, the court would exercise its discretion to grant leave to docket and file a transcript of the record, notwithstanding the order of dismissal and hear the case on the merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3177–3188; Dec. Dig. § 807.*]

In Error to the District Court of the United States for the Western District of North Carolina, at Asheville; James E. Boyd, Judge.

Action between Harriet L. Betts and another and Ben W. Gahagan and others. Judgment for the latter and the former brings error. On motion to dismiss and cross-motion at the hearing to docket and file a transcript of the record, notwithstanding the order of dismissal. Granted.

Alf. S. Barnard and Zebulon Weaver, both of Asheville, N. C., for plaintiffs in error.

Thomas S. Rollins and Martin, Rollins & Wright, all of Asheville, N. C., for defendants in error.

Before PRITCHARD and WOODS, Circuit Judges, and WADDILL, District Judge.

WOODS, Circuit Judge. The defendants in error have moved to docket and dismiss this cause, under subdivision 2 of rule 16 (193 Fed. xi, 112 C. C. A. xi), on the ground that the plaintiffs in error did not have the record transmitted to the court so that the cause could be docketed, as provided in subdivision 1 of rule 16 (193 Fed. x, 112 C. C. A. x), on or before the return day, fixed by subdivision 5 of rule 14 (193 Fed. x, 112 C. C. A. x). The judgment was entered in the District Court for the Western District of North Carolina on September 17, 1912; the writ of error was dated March 15, 1913, but the return day was left blank. This motion to docket and dismiss was filed on May 24, 1913, based on the clerk's certificate as to the facts, dated May 23, 1913. The citation was issued on June 3, 1913, returnable July 13, 1913.

[1] The specific defect in bringing the cause up on appeal, out of which this controversy has arisen, is that the return day of the writ of error was left blank. The citation and the writ of error, being dependent on each other, the better practice is to issue them at the same time, and both must be made returnable, as provided by rule 14, subd. 5, not exceeding 40 days from the signing of the citation. There was error, therefore, in making the return day of the writ of error indefinite.

The plaintiffs in error have not complied with the rule which requires the cause to be docketed on or before a definite return day. It is therefore the right of the defendants in error to have the cause docketed and dismissed for failure of the plaintiffs in error to docket by a definite return day which should have been named in the writ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The motion to docket and dismiss must therefore be granted. Rule 16 (193 Fed. xi, 112 C. C. A. xi) further provides, however:

"And in no case shall the plaintiff in error or appellant be entitled to docket the case and file the transcript of the record after the same shall have been docketed and dismissed under this rule, unless by order of the court."

Under this provision, this court in its discretion may entertain a motion of the plaintiffs in error for leave to docket and file a transcript of the record, notwithstanding the order of dismissal, upon proper showing of good excuse for failure to docket within the time required by the rule.

At the hearing, the plaintiffs in error made a motion, in open court, to be allowed to file the transcript and docket the cause under this provision of the rule. It would have been more regular to serve due notice in writing of this motion, together with the affidavits supporting it, on counsel for the defendants in error; but, as no objection was made on that point, to avoid circuity and save time, the court will consider the matter as if due notice had been given. The showing submitted by plaintiffs in error is convincing that counsel misapprehended the law in supposing that the return day of the writ of error might properly be left blank. Under such circumstances, the court is unwilling that the plaintiffs in error should be deprived of the right to have their appeal heard.

It is therefore ordered that the plaintiffs in error have permission to file a transcript of the record and docket the case for a hearing on the merits upon condition that they pay the costs of both motions.

The writ may be amended so as to fix the return day (Sea v. Connecticut Mutual Insurance Co., 154 U. S. 659, Appx., 14 Sup. Ct. 1191, 25 L. Ed. 772), and as a sequence of granting the motion to file the transcript and docket, and in order to make the record as it comes to this court complete, leave is granted to the plaintiffs in error to amend the writ so as to make it conform to the return day mentioned in the citation.